IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-60698

LORI L. OLMSTEAD, an individual,

Plaintiff,

CIV-COOKE

v.

MAGISTRATE JUDGE
BROWN

CLIENT SERVICES, INC.,
a Missouri corporation,

Defendant.
_____/

## COMPLAINT

Plaintiff, Lori L. Olmstead, an individual, sues Defendant, Client Services, Inc., a Missouri corporation, and alleges:

### GENERAL ALLEGATIONS

#### *INTRODUCTION*

1.  This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.55, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

#### *JURISDICTION*

2.  Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

## *ALLEGATIONS AS TO PARTIES*

3. Plaintiff, Lori L. Olmstead ("Ms. Olmstead") is *sui juris* and a resident of Broward County, Florida.

4. Defendant, Client Services, Inc. ("CSI"), is a Missouri corporation doing business in Broward County, Florida.

5. CSI is properly subject to jurisdiction in the State of Florida and venue in this District pursuant to the Florida Long-Arm Jurisdiction Statute through the causation of injury in this state caused by acts or omissions outside the state.

## *FACTUAL ALLEGATIONS*

6. Several years prior to the filing of the instant action, Ms. Olmstead obtained an open-ended credit account, known more commonly as a "charge account" ("Charge Account") for personal and household purposes with Bank of America, N.A. ("Bank of America").

7. At some unknown time in the past, Bank of America retained the services of CSI for the purpose of collecting monies purportedly due under the Charge Account.

8. Subsequent to the retention of CSI, commencing on May 17, 2006, CSI, through its agents, employees, and/or representatives acting within the scope of their employment and the authority of CSI, began a pattern of conduct reasonably calculated to harass, threaten or coerce Ms. Olmstead into paying the Charge Account.

9. On the afternoon of May 17, 2006, an employee of CSI by using the trade name or alias of "Ryan Goggins" ("Mr. Goggins"), telephoned Ms. Olmstead at her residence to inform Ms. Olmstead that he was attempting to collect monies purportedly owed to Bank of America under the Charge Account.

10. During their initial discussion, Mr. Goggins represented to Ms. Olmstead that Ms. Olmstead owed in excess of Two Thousand Nine Hundred ($2,900.00) Dollars to Bank of America on the Charge Account.

11. In response to the demand for payment by Mr. Goggins, Ms. Olmstead informed Mr. Goggins that she had been out on disability as a result of health problems and had no funds in which to pay monies purportedly owned under the Charge Account.

12. In the morning of May 19, 2006, an employee of CSI believed to be "Mr. Goggins" telephoned the residence of the father-in-law of Ms. Olmstead, to wit: Donald F. Olmstead, Sr. ("Senior Mr. Olmstead").

13. At the aforementioned time, the employee of CSI proceeded to disclose to the girlfriend of Senior Mr. Olmstead, Cindy Bucky ("Ms. Bucky"), details concerning the alleged debt represented by the Charge Account.

14. At the apparent instruction of Ms. Bucky, the employee of CSI telephoned the husband of Ms. Olmstead, Donald Olmstead ("Mr. Olmstead"), via his cellular phone.

15. In the ensuing telephone discussion with Mr. Olmstead, the employee of CSI falsely represented to Mr. Olmstead that "it is [his] responsibility to pay the debt" as he was married to Ms. Olmstead.

16. In response to the representation that Mr. Olmstead had "responsibility" to pay the debts of his wife, Mr. Olmstead warned the employee of CSI that it was not his debt and further demanded proof from CSI that the debt was his.

17. In response to the statement by Mr. Olmstead that Mr. Olmstead had no legal responsibility to pay the Charge Account, the employee of CSI also stated that CSI "get attorneys

involved" and would garnish his wages.

18.     In the course of his discussion with Mr. Olmstead, the employee of CSI also represented that he reviewed the credit report of Mr. Olmstead despite the fact that Mr. Olmstead was not obligated to pay the Charge Account.

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)

19.     This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

20.     Ms. Olmstead realleges and reaffirms the allegations contained in Paragraphs 1 through 18 above as if set forth hereat in full.

21.     At all times material hereto, Ms. Olmstead was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

22.     At all times material hereto, Bank of America was a "creditor(s)" as said term is defined under 15 U.S.C. §1692a(4).

23.     At all times material hereto, the Charge Account was a "debt(s)" as said term is defined under 15 U.S.C. §1692a(5)

24.     At all times material hereto, Defendant was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

25.     As more particularly described above, CSI, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that CSI has:

    (a)     Engaged in conduct the natural consequences of which is to harass,

oppress or abuse Ms. Olmstead in connection with the collection of a debt in contravention of 15 U.S.C. §1692d.

(b) Made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(c) Threatened to take any action that cannot legally be taken or that is not intended to be taken in contravention of 15 U.S.C. §1692e(5);

(d) Used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10);

(e) Failed to disclose in the initial communication with Ms. Olmstead that CSI was attempting to collect a debt and that any information obtained will be used for that purpose in contravention of 15 U.S.C. §1692e(11); and

(f) Used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

26. 15 U.S.C. §1692g provides, in pertinent part, the following:

### Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(a) The amount of the debt;

(b) The name of the creditor to whom the debt is owed;

(c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt

collector;

(d) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. Defendant failed to properly inform Ms. Olmstead as a consumer as to her rights for debt verification in a manner which was reasonably calculated not to confuse or frustrate the least sophisticated consumer within five (5) days of the initial communication to Ms. Olmstead.

28. As a direct and proximate result of the violation of the FDCPA by Defendant, Ms. Olmstead has been damaged. The damages of Ms. Olmstead include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

29. Pursuant to 15 U.S.C. §1692k, Ms. Olmstead is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorneys fees.

30. Ms. Olmstead has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Lori L. Olmstead, an individual, demands judgment against Defendant, Client Services, Inc., a Missouri corporation, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

32. Ms. Olmstead realleges and reaffirms the allegations contained in Paragraphs 1 through 18 above as if set forth hereat in full.

33. At all times material hereto, the Charge Account constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

34. At all times material hereto, Ms. Olmstead was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

35. At all times material hereto, Bank of America was a "creditor(s)" as said term is defined under Florida Statutes §559.55(3).

36. At all times material hereto, Defendant was a "debt collector(s)" as said term is defined under Florida Statutes §559.55(6).

37. As more particularly described above, Defendant has violated the FCCPA in that Defendant has:

(a) Willfully engaged in other conduct which reasonably can be expected to abuse or harass Ms. Olmstead, in contravention of Florida Statutes §559.72(7); and

(b) Claimed, attempted or threatened to enforce a debt when such person knows that the debt is not legitimate or asserted the existence of some other legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

38. As a direct and proximate result of the violation of the FCCPA by CSI, Ms.

Olmstead has been damaged. The damages of Ms. Olmstead include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

39. Ms. Olmstead has retained the undersigned law firm to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

40. Pursuant to Florida Statute §559.77, Ms. Olmstead is entitled to actual damages and additional statutory damages of $1,000.00, together with reasonable attorney's fees and court costs.

41. As a result of the actions of Defendant, Defendant is liable to Ms. Olmstead for punitive damages in an amount to be determined by the reasonableness of a jury.

WHEREFORE, Plaintiff, Lori L. Olmstead, an individual, demands judgment against Defendant, Client Services, Inc., a Missouri corporation, for actual, statutory and punitive damages together with interest, costs and attorneys pursuant to Florida Statutes §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Lori L. Olmstead, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
Attorney for Plaintiff
rphyu@aol.com

%JS 44   (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Lori L. Olmstead, an individual

## DEFENDANTS
Client Services, Inc., a Missouri corporation

(b) County of Residence of First Listed Plaintiff: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert W. Murphy, Esquire
1212 SE 2nd Avenue
Fort Lauderdale, FL 33316; (954)763-8660 / (954) 763-____

Attorneys (If Known)

*Stamps: CIV-COOKE / MAGISTRATE JUDGE BROWN / 07-60698 / FILED BY ___ D.C. 2007 MAY 15 CLERK S.D. OF FLA. FT. LAU.*

(d) Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

*handwritten: 0:07CV 60698-Cooke-Brown*

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page)

a) Re-filed Case ☐ YES ☑ NO       b) Related Cases ☐ YES ☑ NO

JUDGE _____        DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):**

Violation of 15 U.S.C. §1692 et sequi (Fair Debt Collection Practices Act)

LENGTH OF TRIAL via __2__ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☑ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

DATE   5/15/07

**FOR OFFICE USE ONLY**
AMOUNT  350.00      RECEIPT # 540059      IFP _____